## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIZABETH BUTLER | )<br>)<br>) CIVIL ACTION NO. |
| Plaintiff, | )<br>) |
| v. | ) COMPLAINT<br>) |
| EXPERIAN INFORMATION SOLUTIONS, INC.<br>and<br>EQUIFAX INFORMATION SERVICES LLC<br>and<br>EASTERN ACCOUNT SYSTEM OF CONNECTICUT, INC.<br>and<br>MONARCH RECOVERY MANAGEMENT, INC.<br>and<br>FRONTLINE ASSET STRATEGIES, LLC<br>and<br>ALLIED INTERSTATE, LLC | ) JURY TRIAL DEMANDED<br>)<br>) NON-ARBITRATION<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

### PRELIMINARY STATEMENT

1.  This is an action for damages brought by an individual consumer Elizabeth Butler against Defendants for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq*. and the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. §§ 1692, *et seq*.

### JURISDICTION AND VENUE

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.  Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

4. Plaintiff Elizabeth Butler is an adult individual residing in Wayne, PA.

5. Defendant Experian Information Solutions, Inc. ("Experian") is a consumer reporting agency that regularly conducts business in Eastern District of Pennsylvania and which has a principal place of business located at 5 Century Drive, Parsippany, NJ.

6. Defendant Equifax Information Services LLC ("Equifax") is a consumer reporting agency that regularly conducts business in Eastern District of Pennsylvania and which has a principal place of business located at 6 Clementon Road, East, Suite A2, Gibbsboro, NJ.

7. Defendant Eastern Account System of Connecticut, Inc. ("Eastern") is a business entity that regularly conducts business in Eastern District of Pennsylvania and which has a principal office located at 75 Glen Road, Sandy Hook, CT.  The principal purpose of Eastern is the collection of debts already in default using the mails and telephone and Eastern regularly attempts to collect said debts.

8. Defendant Monarch Recovery Management, Inc. ("Monarch") is a business entity that regularly conducts business in Eastern District of Pennsylvania and which has a principal office located at 10965 Decatur Road, Philadelphia, PA.  The principal purpose of Monarch is the collection of debts already in default using the mails and telephone, and Monarch regularly attempts to collect said debts.

9. Defendant Frontline Asset Strategies, LLC ("Frontline") is a business entity that regularly conducts business in Eastern District of Pennsylvania and which has a principal office located at 1935 West County Road B2 Suite #425, Roseville, MN.  The principal purpose of Frontline is the collection of debts already in default using the mails and telephone, and Frontline regularly attempts to collect said debts.

10. Defendant Allied Interstate, LLC ("Allied") is a business entity that regularly conducts business in Eastern District of Pennsylvania and which has a principal office located at 12755 State Highway 55, Suite 300, Plymouth, MN. The principal purpose of Allied is the collection of debts already in default using the mails and telephone, and Allied regularly attempts to collect said debts.

## FACTUAL ALLEGATIONS

11. Defendants Equifax and Experian have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties ("inaccurate information") from at least August 2014 through present. The inaccurate information includes, but is not limited to collection accounts with Eastern and Allied, a civil judgment, as well as identifying personal information.

12. The collection accounts at issue placed with Eastern, Monarch, Frontline and Allied arose out of transactions which were primarily for personal, family or household purposes.

13. Eastern and Allied have been reporting the inaccurate information to the credit reporting agencies about Plaintiff even though the account belongs to a different consumer with a different social security number, date of birth and address.

14. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's creditworthiness. The inaccurate information consists of accounts and/or tradelines that do not belong to the Plaintiff, and that actually belong to another consumer. Due to Equifax and Experian's faulty procedures, Equifax and Experian mixed the credit file of Plaintiff and that of another consumer with respect to the inaccurate information and other personal identifying information.

15. Equifax and Experian have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown. Equifax and Experian have repeatedly published and disseminated consumer reports to such third parties from at least August 2014 through the present.

16. Plaintiff's credit reports and files have been obtained from Equifax and Experian and have been reviewed by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving different credit offers and opportunities, known and unknown. Plaintiff's credit reports have been obtained from Equifax and Experian by such third parties from at least August 2014 through the present.

17. As of result of Equifax and Experian's conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress.

18. As a result of Eastern and Allied's conduct, Plaintiff has sustained actual damages, including, but not limited to injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, emotional and mental pain and anguish, embarrassment, humiliation, damage to reputation and pecuniary loss and will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

19. At all pertinent times hereto, Monarch and Frontline were hired to collect debts relating to credit card debt (hereafter the "debt").

20. In or around August 2014, Monarch and Frontline began contacting Plaintiff on Plaintiff's telephone in an attempt to collect debts that do not belong to Plaintiff. During the very

first conversation Plaintiff had with each Monarch and Frontline, Plaintiff told Monarch and Frontline that the debts in question belongs to her daughter, from whom she is estranged and further requested that Monarch and Frontline cease contacting her.

21. Notwithstanding the above, Monarch and Frontline repeatedly contacted Plaintiff on several additional occasions by calling Plaintiff's telephone number and continued making calls thereafter in an attempt to collect a debt from the Plaintiff and with the intent to annoy, abuse and harass.

22. Notwithstanding the above, in or around late September and early October, Monarch and Frontline contacted Plaintiff, disclosing the debt to her in an attempt to collect the debt from Plaintiff and with the intent to annoy, abuse, and harass.

23. Monarch and Frontline acted in a false, deceptive, misleading and unfair manner by communicating with any person other than the consumer for the purpose of acquiring anything other than location information about the consumer.

24. Monarch and Frontline acted in a false, deceptive, misleading and unfair manner by communicating with any person other than the debt and disclosing the debt to that person.

25. Monarch and Frontline acted in a false, deceptive, misleading and unfair manner by communicating with any other person than the consumer on more than one occasion.

26. Monarch and Frontline acted in a false, deceptive, misleading and unfair manner by communicating with a consumer in connection with the collection of any debt at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer.

27. Monarch and Frontline acted in a false, deceptive, misleading and unfair manner by communicating with any person other than the consumer in connection with the collection of any debt.

28. Monarch and Frontline acted in a false, deceptive, misleading and unfair manner by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

29. Monarch and Frontline acted in a false, deceptive, misleading and unfair manner by falsely representing the amount, character and legal status of the debt.

30. Monarch and Frontline acted in a false, deceptive, misleading and unfair manner by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

31. Monarch and Frontline acted in a false, deceptive, misleading and unfair manner by using unfair or unconscionable means to collect or attempt to collect any debt.

32. Monarch and Frontline knew or should have known that their actions violated the FDCPA. Additionally, Monarch and Frontline could have taken the steps necessary to bring their agent's actions within compliance of these statutes, but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

33. As a result of Monarch and Frontline's conduct, Plaintiff has sustained actual damages, including, but not limited to injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, emotional and mental pain and anguish, embarrassment, humiliation, damage to reputation and pecuniary loss and will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

34. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

35. At all times pertinent hereto, the conduct of Defendants as well as their agents, servants and/or employees, was intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT ONE – VIOLATIONS OF THE FCRA
## (PLAINTIFF v. EQUIFAX AND EXPERIAN)

36. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

37. At all times pertinent hereto, Defendants Equifax and Experian were each a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

38. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

39. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

40. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Equifax and Experian are liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b).

41. The conduct of Equifax and Experian were a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Equifax and Experian are liable to the Plaintiff

7

for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

### COUNT TWO– VIOLATIONS OF THE FDCPA
### (PLAINTIFF v. EASTERN AND ALLIED)

42. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

43. Eastern and Allied are each a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

44. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

45. The above reporting of the inaccurate information to credit reporting agencies by Eastern and Allied are "communications" relating to a "debt" as defined by 15 U.S.C. §§ 1692a(2) and 1692a(5) of the FDCPA.

46. Any alleged debts at issue arose out of transactions which were primarily for personal, family or household purposes.

47. Eastern and Allied violated the FDCPA. Eastern and Allied's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692e(2)(A), 1692e(8), 1692e(10) and 1692f, as evidenced by the following conduct:

(a) The false representation of the amount, character or legal status of a debt;

(b) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false; and

(c) Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect a debt from the Plaintiff.

48. Eastern and Allied's acts as described above were done with intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay monies relating to the inaccurate information.

49. As a result of the above violations of the FDCPA, Eastern and Allied are liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

### COUNT THREE– VIOLATIONS OF THE FDCPA
### (PLAINTIFF v. MONARCH AND FRONTLINE)

50. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

51. Monarch and Frontline are each a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

52. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

53. Any alleged debts at issue arose out of transactions which were primarily for personal, family or household purposes.

54. The above contacts between Monarch and Frontline and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

55. Monarch and Frontline violated the FDCPA. Monarch and Frontline's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692b(1), 1692b(2), 1692b(3), 1692c(b), 1692d, 1692d(5), 1692e(2)(A), 1692e(10), and 1692f, as evidenced by the following conduct:

    (a) Communicating with any person other than the consumer for the purpose of acquiring anything other than location information;

    (b) Communicating with any person other than the consumer and disclosing the debt to that person;

  (c) Communicating with any person other than the consumer on more than one occasion;

  (d) Communicating with the consumer in connection with the collection of any debt at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer;

  (e) Communicating with any person other than the consumer in connection with the collection of any debt;

  (f) Engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

  (g) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number;

  (h) Falsely representing the character, amount, or legal status of any debt;

  (i) Using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer; and

  (j) Using unfair or unconscionable means to collect or attempt to collect any debt.

56. Monarch and Frontline's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

57. As a result of the above violations of the FDCPA, Monarch and Frontline are liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## JURY TRIAL DEMANDED

58. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees; and

(e) Such other and further relief as may be necessary, just and proper.

Respectfully Submitted,

**FRANCIS & MAILMAN, P.C.**

BY: */s/ Mark Mailman*
MARK MAILMAN, ESQUIRE
ERIN A. NOVAK, ESQUIRE
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

Dated: December 30, 2014    *Attorneys for Plaintiff*