**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ELIZABETH BUTLER** | **Civil Action No.** |
| Plaintiff, | |
| **v.** | **2:14-cv-07346-CDJ** |
| **EXPERIAN INFORMATION SOLUTIONS, INC.** | |
| **and** | |
| **EQUIFAX INFORMATION SERVICES LLC** | |
| **and** | |
| **EASTERN ACCOUNT SYSTEM OF CONNECTICUT, INC.** | |
| **and** | |
| **MONARCH RECOVERY MANAGEMENT, INC.** | |
| **and** | |
| **FRONTLINE ASSET STRATEGIES, LLC** | |
| **and** | |
| **ALLIED INTERSTATE, LLC** | |
| Defendants. | |

**ANSWER TO PLAINTIFF, ELIZABETH BUTLER'S**
**COMPLAINT WITH AFFIRMATIVE DEFENSES BY DEFENDANT,**
**MONARCH RECOVERY MANAGEMENT, INC.**

AND NOW, comes Defendant, Monarch Recovery Management, Inc. ("Monarch"), by and through its undersigned counsel, Marshall Dennehey Warner Coleman & Goggin, P.C. and hereby answers the Complaint of Plaintiff, Elizabeth Butler and in support thereof, states as follows:

## ANSWER TO PRELIMINARY STATEMENT

1.     Admitted in part and denied in part.  Monarch admits that Plaintiff brings the present action alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").  Monarch  denies any liability or wrongful conduct to the extent alleged in this paragraph.  To the extent that the allegations in this paragraph are directed to parties other than Monarch, Monarch denies these allegations.  The remaining allegations in this paragraph constitute conclusions of law and are denied as such.  Monarch refers all questions of law to the Court.

## ANSWER TO JURISDICTION AND VENUE

2.     Denied.  The allegations in this paragraph constitute conclusions of law and are denied as such.  Monarch refers all questions of law to the Court.

3.     Denied.  The allegations in this paragraph constitute conclusions of law and are denied as such.  Monarch refers all questions of law to the Court.

## ANSWER TO PARTIES

4.     Admitted in part and denied in part.  Monarch admits that Plaintiff is an adult individual.  Monarch is without sufficient knowledge or information regarding whether Plaintiff resided in Wayne, Pennsylvania at all times relevant to the allegations in her Complaint and, therefore, Monarch denies these allegations and leaves Plaintiff to her burden of proof.

2

5.     Denied.  The allegations in this paragraph are directed to a party other than Monarch and, therefore, Monarch denies these allegations and leaves Plaintiff to her burden of proof.

6.     Denied.  The allegations in this paragraph are directed to a party other than Monarch and, therefore, Monarch denies these allegations and leaves Plaintiff to her burden of proof.

7.     Denied.  The allegations in this paragraph are directed to a party other than Monarch and, therefore, Monarch denies these allegations and leaves Plaintiff to her burden of proof.

8.     Admitted in part and denied in part.  Monarch admits that it is a business entity that regularly conducts business in the District and maintains a place of business at the address set out in this paragraph.  Monarch further admits that, at times, it attempts to recover defaulted debt obligations using the mails and telephone.   Unless otherwise admitted, Monarch denies the allegations in this paragraph.

9.     Denied.  The allegations in this paragraph are directed to a party other than Monarch and, therefore, Monarch denies these allegations and leaves Plaintiff to her burden of proof.

10.     Denied.  The allegations in this paragraph are directed to a party other than Monarch and, therefore, Monarch denies these allegations and leaves Plaintiff to her burden of proof.

## ANSWER TO FACTUAL ALLEGATIONS

11.    Denied.  The allegations in this paragraph are directed to parties other than Monarch and, therefore, Monarch denies these allegations and leaves Plaintiff to her burden of proof.

12.    Denied.  Monarch lacks sufficient knowledge, information or belief as to whether the debt obligation at issue arose out of transactions which were for personal, family or household purposes and, therefore, Monarch denies these allegations and leaves Plaintiff to her burden of proof.  To the extent that the allegations in this paragraph are directed to parties other than Monarch, Monarch denies these allegations.

13.    The allegations in this paragraph are directed to parties other than Monarch and, therefore, Monarch denies these allegations and leaves Plaintiff to her burden of proof.

14.    Denied.  The allegations in this paragraph are directed to parties other than Monarch and, therefore, Monarch denies these allegations and leaves Plaintiff to her burden of proof.

15.    Denied.  The allegations in this paragraph are directed to parties other than Monarch and, therefore, Monarch denies these allegations and leaves Plaintiff to her burden of proof.

16.    Denied.  The allegations in this paragraph are directed to parties other than Monarch and, therefore, Monarch denies these allegations and leaves Plaintiff to her burden of proof.

17.     Denied.  The allegations in this paragraph are directed to parties other than Monarch and, therefore, Monarch denies these allegations and leaves Plaintiff to her burden of proof.

18.     Denied.  Monarch denies that Plaintiff suffered any damages as a result of its efforts to collect the valid and delinquent debt obligation at issue. To the extent that the allegations in this paragraph are directed to a party other than Monarch, Monarch denies these allegations.  Monarch denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

19.     Admitted in part and denied in part.  Monarch admits that on or about August 4, 2014 it was engaged by MSW Capital, LLC to attempt to recover a debt obligation owed by a particular debtor to a particular creditor. To the extent that the allegations in this paragraph are directed to a party other than Monarch, Monarch denies these allegations.  Monarch denies the remaining allegations in this paragraph, and leaves Plaintiff to her burden of proof.

20.     Denied.   Monarch denies that in August of 2014 it began contacting Plaintiff in an attempt to collect a debt.  To the contrary, on October 2, 2014 Monarch placed a call to a telephone number ending in 2653 during its attempts to confirm and/or obtain location information for a particular debtor in which it spoke with the debtor's mother and was informed that the debtor could not be reached at her telephone number.  Monarch's records reflect that it did not place any additional calls to the 2653 telephone number during its

5

attempts to recover the debt obligation at issue.   To the extent that the allegations in this paragraph are directed to a party other than Monarch, Monarch denies these allegations.   Monarch denies the remaining allegations in this paragraph, and leaves Plaintiff to her burden of proof.

21.    Denied.   Monarch denies the allegations in this paragraph and leaves Plaintiff to her burden of proof.  To the extent that the allegations in this paragraph are directed to a party other than Monarch, Monarch denies these allegations.   Monarch denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

22.    Denied.   Monarch denies the allegations in this paragraph and leaves Plaintiff to her burden of proof.  To the extent that the allegations in this paragraph are directed to a party other than Monarch, Monarch denies these allegations.   Monarch denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

23.    Denied.  Monarch denies engaging in any act that could reasonably or rationally be deemed as false, deceptive, misleading or unfair in the course of its efforts to recover the debt obligation at issue and denies that it communicated with persons other than the debtor for purposes other than obtaining or confirming location information for the debtor.   To the extent that the allegations in this paragraph are directed to a party other than Monarch, Monarch denies these allegations.   Monarch denies the remaining allegations in this paragraph, and leaves Plaintiff to her burden of proof.

24.     Denied.  Monarch denies engaging in any act that could reasonably or rationally be deemed as false, deceptive, misleading or unfair in the course of its efforts to recover the debt obligation at issue and denies that it disclosed any information regarding the debt at issue to any third parties.  To the extent that the allegations in this paragraph are directed to a party other than Monarch, Monarch denies these allegations.  Monarch denies the remaining allegations in this paragraph, and leaves Plaintiff to her burden of proof.

25.     Denied.   Monarch denies engaging in any act that could reasonably or rationally be deemed as false, deceptive, misleading or unfair in the course of its efforts to recover the debt obligation at issue and denies that it communicated with any person other than the debtor on more than one occasion during its attempts to recover the debt at issue.  To the extent that the allegations in this paragraph are directed to a party other than Monarch, Monarch denies these allegations.  Monarch denies the remaining allegations in this paragraph, and leaves Plaintiff to her burden of proof.

26.     Denied.  Monarch denies engaging in any act that could reasonably or rationally be deemed as false, deceptive, misleading or unfair in the course of its efforts to recover the debt obligation at issue and denies that it communicated with the consumer at an unusual time or place or a time or place known or which should have been known to be inconvenient to the consumer.   To the contrary, Monarch's records reflect that it did not communicate with the consumer during its attempts to recover the debt obligation at issue.  To the extent that the allegations in this paragraph are

7

directed to a party other than Monarch, Monarch denies these allegations. Monarch denies the remaining allegations in this paragraph, and leaves Plaintiff to her burden of proof.

27.     Denied.  Monarch denies engaging in any act that could reasonably or rationally be deemed as false, deceptive, misleading or unfair in the course of its efforts to recover the debt obligation at issue.  Monarch denies that communicating with any person other than the consumer in connection with collection of a debt constitutes violative conduct as, pursuant to 15 U.S.C. § 1692b, a collector may communicate with persons other than a debtor to obtain and/or confirm location information for a debtor.  To the extent that the allegations in this paragraph are directed to a party other than Monarch, Monarch denies these allegations.  Monarch denies the remaining allegations in this paragraph, and leaves Plaintiff to her burden of proof.

28.     Denied.  Monarch denies engaging in any act that could reasonably or rationally be deemed as false, deceptive, misleading or unfair in the course of its efforts to recover the debt obligation at issue and denies that it engaged in any conduct the natural consequence of which was to harass, oppress or abuse any person in connection with collection of the debt.  To the extent that the allegations in this paragraph are directed to a party other than Monarch, Monarch denies these allegations.  Monarch denies the remaining allegations in this paragraph, and leaves Plaintiff to her burden of proof.

29.    Denied.  Monarch denies engaging in any act that could reasonably or rationally be deemed as false, deceptive, misleading or unfair in the course of its efforts to recover the debt obligation at issue and denies that it falsely represented the amount, character or legal status of the debt.  To the extent that the allegations in this paragraph are directed to a party other than Monarch, Monarch denies these allegations.  Monarch denies the remaining allegations in this paragraph, and leaves Plaintiff to her burden of proof.

30.    Denied.  Monarch denies engaging in any act that could reasonably or rationally be deemed as false, deceptive, misleading or unfair in the course of its efforts to recover the debt obligation at issue and denies that it caused a telephone to ring or engaged any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.  To the extent that the allegations in this paragraph are directed to a party other than Monarch, Monarch denies these allegations.  Monarch denies the remaining allegations in this paragraph, and leaves Plaintiff to her burden of proof.

31.    Denied.  Monarch denies engaging in any act that could reasonably or rationally be deemed as false, deceptive, misleading or unfair in the course of its efforts to recover the debt obligation at issue and denies that it used any unfair or unconscionable means to collect or attempt to collect the debt at issue.  To the extent that the allegations in this paragraph are directed to a party other than Monarch, Monarch denies these allegations.  Monarch denies

the remaining allegations in this paragraph, and leaves Plaintiff to her burden of proof.

32.   Denied.   Monarch denies that it violated the FDCPA, as alleged in this paragraph.   To the extent that the allegations in this paragraph are directed to a party other than Monarch, Monarch denies these allegations. Monarch denies the remaining allegations in this paragraph, as these allegations are based on a defective premise.

33.   Denied.   Monarch denies that Plaintiff suffered any damages, including injury to her reputation, invasion of privacy, damage to credit, out-of-pocket expenses, emotional or mental pain or anguish, embarrassment, humiliation, damage to reputation or pecuniary loss as a result of its attempts to recover the debt obligation at issue.   To the extent that the allegations in this paragraph are directed to a party other than Monarch, Monarch denies these allegations.   Monarch denies the remaining allegations in this paragraph, and leaves Plaintiff to her burden of proof.

34.   Admitted in part and denied in part.   Monarch admits that when its employees are acting within the scope of their employment that are under the direct control and supervision of Monarch.   To the extent that the allegations in this paragraph are directed to a party other than Monarch, Monarch denies these allegations.   Monarch denies the remaining allegations in this paragraph, and leaves Plaintiff to her burden of proof.

35.   Denied.   Monarch denies that its conduct could reasonably or rationally be construed as violative of the law, let alone intentional, willful, reckless, negligent and denies that it engaged in conduct evincing a negligent disregard for federal or state law or the rights of the Plaintiff.   To the extent that the allegations in this paragraph are directed to a party other than Monarch, Monarch denies these allegations.   Monarch denies the remaining allegations in this paragraph, and leaves Plaintiff to her burden of proof.

### ANSWER TO COUNT ONE – VIOLATIONS OF THE FCRA
### (PLAINTIFF V. EQUIFAX AND EXPERIAN)

36.   No response is required to this paragraph as Plaintiff is merely incorporating prior paragraphs by reference.   To the extent a response is deemed necessary, Monarch incorporates its responses to paragraphs 1 through 35, as though they were fully set forth herein.

37.   Denied.   The allegations in this paragraph are directed to parties other than Monarch and, therefore, Monarch denies these allegations and leaves Plaintiff to her burden of proof.   By way of further response, the allegations in this paragraph constitute conclusions of law and are denied as such.   Monarch refers all questions of law to the Court.

38.   Denied.   The allegations in this paragraph constitute conclusions of law and are denied as such.   Monarch refers all questions of law to the Court.

39.   Denied.   The allegations in this paragraph constitute conclusions of law and are denied a such.   Monarch refers all questions of law to the Court.

40.    Denied.  The allegations in this paragraph are directed to parties other than Monarch and, therefore, Monarch denies these allegations and leaves Plaintiff to her burden of proof.

41.    Denied.  The allegations in this paragraph are directed to parties other than Monarch and, therefore, Monarch denies these allegations and leaves Plaintiff to her burden of proof.

### ANSWER TO COUNT TWO – VIOLATIONS OF THE FDCPA
### (PLAINTIFF V. EASTERN AND ALLIED)

42.    No response is required to this paragraph as Plaintiff is merely incorporating prior paragraphs by reference.   To the extent a response is deemed necessary, Monarch incorporates its responses to paragraphs 1 through 41, as though they were fully set forth herein.

43.    Denied.  The allegations in this paragraph constitute conclusions of law and are denied as such.   Monarch refers all questions of law to the Court.

44.    Denied.  The allegations in this paragraph constitute conclusions of law and are denied a such.  Monarch refers all questions of law to the Court.

45.    Denied.  The allegations in this paragraph are directed to parties other than Monarch and, therefore, Monarch denies these allegations and leaves Plaintiff to her burden of proof.

46.    Denied.  Monarch is without sufficient knowledge, information or belief regarding whether the debt obligation at issue arose out of transactions which were primarily for personal, family or household purposes and, therefore, Monarch denies these allegations.  To the extent that the allegations

in this paragraph are directed to parties other than Monarch, Monarch denies these allegations. Monarch denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

47.    Denied.    The allegations in this paragraph, including sub-paragraphs (a) through (c), are directed to parties other than Monarch and, therefore, Monarch denies these allegations and leaves Plaintiff to her burden of proof.

48.    Denied.  The allegations in this paragraph are directed to parties other than Monarch and, therefore, Monarch denies these allegations and leaves Plaintiff to her burden of proof.

49.    Denied.  The allegations in this paragraph are directed to parties other than Monarch and, therefore, Monarch denies these allegations and leaves Plaintiff to her burden of proof.

## ANSWER TO COUNT THREE – VIOLATIONS OF THE FDCPA (PLAINTIFF V. MONARCH AND FRONTLINE)

50.    No response is required to this paragraph as Plaintiff is merely incorporating prior paragraphs by reference.  To the extent a response is deemed necessary, Monarch incorporates its responses to paragraphs 1 through 49, as though they were fully set forth herein.

51.    Denied.  The allegations in this paragraph constitute conclusions of law and are denied as such.  Monarch refers all questions of law to the Court.

52.    Denied.  The allegations in this paragraph constitute conclusions of law and are denied as such.  Monarch refers all questions of law to the Court.

53.    Denied.  Monarch is without sufficient knowledge, information or belief regarding whether the debt obligation at issue arose out of transactions which were primarily for personal, family or household purposes and, therefore, Monarch denies these allegations.  To the extent that the allegations in this paragraph are directed to parties other than Monarch, Monarch denies these allegations.  Monarch denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

54.    Denied.  The allegations in this paragraph constitute conclusions of law and are denied as such.  Monarch refers all questions of law to the Court.  To the extent that the allegations in this paragraph are directed to a party other than Monarch, Monarch denies these allegations.

55.    Denied.  Monarch denies violating the FDCPA and denies the allegations in this paragraph and its subparagraphs.  To the extent that the allegations in this paragraph are directed to a party other than Monarch, Monarch denies these allegations.  By way of further response, Monarch responds to subparagraphs (a) through (j) as follows:

a.    Admitted in part and denied in part.  Monarch admits and its records reflect a conversation with a person claiming to be the debtor's mother on October 2, 2014 during its attempts to obtain and/or confirm location information for

the debtor.  During this call, Monarch was informed that the debtor could not be reached at the called number, whereby Monarch did not place any further calls to this number. Monarch denies that it disclosed any debt information to Plaintiff in the course of the October 2, 2014 conversation.

b.   Admitted in part and denied in part.  Monarch admits and its records reflect a conversation with a person claiming to be the debtor's mother on October 2, 2014 during its attempts to obtain and/or confirm location information for the debtor.  During this call, Monarch was informed that the debtor could not be reached at the called number, whereby Monarch did not place any further calls to this number. Monarch denies that it disclosed any debt information to Plaintiff in the course of the October 2, 2014 conversation.

c.   Denied.  Monarch denies communicating with any person other than the consumer on more than one occasion at a particular number in the course of Monarch's efforts to locate the debtor;

d.     Denied.   Monarch denies that it communicated with the consumer in connection with the collection of any debt at any unusual time or place or a time or place known to which should be known to be inconvenient to the consumer. Monarch further denies that Plaintiff has standing to assert such a claim, as Plaintiff is not a "consumer" as defined under 15 U.S.C. § 1692a(3);

e.     Admitted in part and denied in part.   Monarch admits and its records reflect a conversation with a person claiming to be the debtor's mother on October 2, 2014 during its attempts to obtain and/or confirm location information for the debtor.   During this call, Monarch was informed that the debtor could not be reached at the called number, whereby Monarch did not place any further calls to this number. Monarch denies that it disclosed any debt information to Plaintiff in the course of the October 2, 2014 conversation.

f.     Denied.  Monarch denies that it engaged in any conduct the natural consequence of which was to harass, oppress or abuse any person in connection with collection of the debt at issue;

16

g.   Denied.   Monarch denies causing a telephone to ring or engaging Plaintiff  in telephone conversations repeatedly or continuously with an intent to annoy, abuse or harass Plaintiff;

h.   Denied.  Monarch denies falsely reporting the character, amount or the legal status of the debt at issue;

i.   Denied.  Monarch denies using any false representation or deceptive means to collect or attempt to collect the debt at issue or to obtain information concerning a debtor; and

j.   Denied.   Monarch denies using unfair or unconscionable means in its efforts to recover the debt at issue.

56.   Denied.   Monarch denies that its conduct could reasonably or rationally be construed as violative of the law, let alone be construed as malicious, improperly intentional, willful, reckless, negligent, wanton or that it engaged in conduct evincing a negligent disregard for federal or state law or the rights of the Plaintiff.  To the extent that the allegations in this paragraph are directed to a party other than Monarch, Monarch denies these allegations.  A factual basis for these conclusory allegations is demanded of Plaintiff.

57.   Denied.  Monarch denies that it violated the FDCPA, as alleged in this paragraph.  Monarch denies that it was a proximate or direct cause of any perceived harms claimed by Plaintiff or that Monarch is liable to Plaintiff for any damages, statutory or otherwise, and denies that it is liable to Plaintiff for

her reasonable attorneys' fees and costs in the absence of any violative conduct.  To the extent that the allegations in this paragraph are directed to a party other than Monarch, Monarch denies these allegations.  A factual basis for these conclusory allegations is demanded of Plaintiff.

## ANSWER TO DEMAND FOR JURY TRIAL

Admitted in part and denied in part.  Monarch admits that Plaintiff has demanded a trial by jury.  Monarch denies that Plaintiff has a right to a jury trial in the absence of any viable claims.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to plead claims against Monarch upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Even if Monarch violated the FDCPA, which is denied, Plaintiff did not incur actual damages as a result of the alleged conduct of Monarch.

## THIRD AFFIRMATIVE DEFENSE

Any violation of the law or damage suffered by Plaintiff, which Monarch denies, was due to the affirmative actions and/or omissions of Plaintiff or others and does not give rise to any liability of Monarch.

## FOURTH AFFIRMATIVE DEFENSE

Any violation of the law or damage suffered by Plaintiff, which Monarch denies, was due to the affirmative actions and/or omission of Plaintiff or others and does not give rise to any claim of damages against Monarch.

## FIFTH AFFIRMATIVE DEFENSE

In the event that Plaintiff is able to adequately plead an individual claim under the FDCPA, her entitlement to statutory damages is <u>capped</u> at $1,000 per action, not per violation.  See <u>Goodmann v. Peoples Bank, et al.</u>, 2006 US App. LEXIS 31555 (3rd Cir. 2006); <u>Brown v. Law Offices of Butterfield</u>, U.S. Dist. LEXIS 9822 (E.D. Pa. 2004); <u>Dowling v. Kucker Kraus & Bruh, LLP</u>, 2005 U.S. Dist. LEXIS 1100 (S.D. NY. 2005); <u>Mann v. Acclaim Fin Servs</u>, 348 F. Supp. 2d 923 (S.D. Ohio 2004); <u>Ganske v. Checkrite Limited</u>, 1997 U.S. Dist. LEXIS 4345 (D. Wis. 1997); <u>Wright v. Finance Service of Norwalk, Inc.</u>, 22 F. 3d 647 (6th Cir. 1994); <u>Harper v. Better Business Services, Inc.</u>, 961 F.2d 1561 (11th cir. 1992); <u>Donahue v. NFS, Inc.</u>, 781 F. Supp. 188 (W.D.N.Y. 1991); <u>Wiener v. Bloomfield</u>, 901 F. Supp. 771 (S.D.N.Y. 1995); <u>Teng v. Metropolitan Retail Recovery</u>, 851 F. Supp. 61 (E.D.N.Y. 1994); <u>Beattie v. D.M. Collections</u>, Inc., 764 F. Supp. 925 (D. Del. 1991); and <u>Harvey v. United Adjusters</u>, 509 F. Supp 1218 (D. Or. 1981).

## SIXTH AFFIRMATIVE DEFENSE

During its attempts to contact with the debtor, Monarch placed a location call resulting in a single conversation with a third party, presumably the Plaintiff, who informed Monarch that the debtor could not be reached at her telephone number.  Monarch then properly marked the telephone number as a wrong number and ceased calls to the number.  As such, Plaintiff's §§ 1692b(1), 1692b(2) and 1692(b)(3) claims have no merit, whereby said claims against Monarch should be dismissed or withdrawn.

19

## SEVENTH AFFIRMATIVE DEFENSE

A non-consumer, such as Plaintiff, lacks standing to assert claims under §§ 1692b or 1692c of the FDCPA, whereby said claims against Monarch should be dismissed or withdrawn.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to press a claim under § 1692d of the FDCPA premised on the act of contacting the wrong individual.  Christy v. EOS CCA, 905 F. Supp. 2d 648, 655 (E.D. Pa. 2012).  As such, this claim against Monarch should be dismissed or withdrawn.

## NINTH AFFIRMATIVE DEFENSE

As Monarch did not attempt to collect the debt from Plaintiff, Plaintiff cannot maintain a claim under § 1692e of the FDCPA.  As such, this claim against Monarch should be dismissed or withdrawn.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to articulate a viable claim under 1692f, as a matter of well-settled law.  Shand-Pistilli v. Prof'l Account Servs., 2010 U.S. Dist. LEXIS 75056, 16-17 (E.D. Pa. July 26, 2010)(*quoting* Foti v. NCO Fin. Sys., Inc., 424 F. Supp. 2d 643, 667 (S.D.N.Y. 2006)); James Gula v. Midland Credit Management, Inc., Civil Action No. 3:10-cv-02241-TMB (M.D. Pa. Feb. 1, 2012) (same); Hoover v. Midland Credit Management, Inc., 2012 U.S. Dist. LEXIS 46992, Civil Action No. 10-cv-06856 (E.D. Pa. Mar. 30, 2012)(same); and Lorandeau v. Capital Collection Service, 2011 U.S. Dist. LEXIS 101994, Civil

Action No. 10-3807 (E.D. Pa. Sept. 8, 2011) )(same).   Therefore,   Plaintiff's

wholly redundant claims under 1692f should be dismissed or withdrawn

     **WHEREFORE**, Defendant, Monarch Recovery Management, Inc. requests

this Honorable Court to deem this Answer proper, to dismiss Plaintiff's

Complaint in its entirety and to grant any and all other relief as the Court

deems just and equitable.

            Respectfully submitted,

            **MARSHALL DENNEHEY WARNER**
            **COLEMAN & GOGGIN, P.C.**

By:    */s/ Ronald M. Metcho / rmm5150*
            RONALD M. METCHO, ESQ.
            2000 Market Street, Suite 2300
            Philadelphia, PA 19103
            (215) 575-2595 / (215) 575-0856 (f)
            rmmetcho@mdwcg.com
            Attorneys for Defendant
            Monarch Recovery Management, Inc.

Date: <u>May 12, 2015</u>

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ELIZABETH BUTLER** | |
| Plaintiff, | **Civil Action No.** |
| **v.** | **2:14-cv-07346-CDJ** |
| **EXPERIAN INFORMATION SOLUTIONS, INC.** | |
| **and** | |
| **EQUIFAX INFORMATION SERVICES LLC** | |
| **and** | |
| **EASTERN ACCOUNT SYSTEM OF CONNECTICUT, INC.** | |
| **and** | |
| **MONARCH RECOVERY MANAGEMENT, INC.** | |
| **and** | |
| **FRONTLINE ASSET STRATEGIES, LLC** | |
| **and** | |
| **ALLIED INTERSTATE, LLC** | |
| Defendants. | |

## CERTIFICATE OF SERVICE

I, Ronald M. Metcho, Esquire, do hereby certify that a true and correct copy of Defendant, Monarch Recovery Management, Inc.'s Answer to Plaintiff's Complaint with Affirmative Defenses was served upon all counsel via ECF on May 12, 2015.

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN, P.C.**

By:     _/s/ Ronald M. Metcho / rmm5150_
        RONALD M. METCHO
        Attorneys for Defendant
        Monarch Recovery Management, Inc.