IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIZABETH BUTLER,<br><br>   *Plaintiff*,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, *et al.*,<br><br>   *Defendants*. | CIVIL ACTION<br>NO. 14-07346 |

PAPPERT, J.                      September 7, 2016

## MEMORANDUM

Elizabeth Butler ("Butler") brought suit under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.*, ("FCRA") and the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA") against Eastern Account System of Connecticut ("Eastern") and several other defendants in 2014.[1] She properly served Eastern on March 20, 2015. (Pl.'s Req. to Enter Default J., Ex. A., ECF No. 34); *see also* (Summons Returned Executed, ECF No. 6.) Eastern has failed to appear. On October 20, 2015, the clerk entered default against Eastern pursuant to Federal Rule of Civil Procedure 55(a). On July 29, 2016, Butler filed a request for the clerk to enter default judgment for a sum certain under Rule 55(b)(1). (ECF No. 34). Because Butler's request is not for a sum certain,[2] the Court construes her request as a motion under Rule 55(b)(2).

---

[1]  Butler has already settled her claims against defendants Equifax Information Service, LLC, Frontline Asset Strategies, LLC, and Allied Interstate, LLC. Defendants Experian Information Solutions, Inc. and Monarch Recovery Management, Inc. both answered the complaint and the case against them remains ongoing. (Answer to Compl., ECF No. 10); (Answer to Compl., ECF No. 17.)

[2]  Rule 55(b)(1) provides that "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." In all other cases, however, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). Here, Butler's request for damages is not for a sum certain. The statute permits awarding statutory damages "not exceeding $1,000." 15 U.S.C. § 1692k(a)(2)(A). Thus it is within the Court's

1

For the following reasons, the Court grants Butler's motion and enters judgment against Eastern in the amount of $1,000.

### I.

#### A.

Rule 55(b)(2) authorizes a district court to enter a default judgment against a defendant who fails to appear. "Three factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). However, if a defendant does not appear, "the district court . . . is authorized to enter a default judgment based solely on the fact that the default has occurred." *Anchorage Associates v. Virgin Islands Bd. of Tax Rev.*, 922 F. 2d 168, 177 n.9 (3d Cir. 1990). Here, because Eastern has failed to appear, the Court will not analyze the above factors.³

"A consequence of the entry of a default judgment is that the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) (citations and internal quotation marks omitted). However, "it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." 10A Charles Alan Wright et al., *Federal Practice and Procedure* § 2688.1 (4th ed.). The

---

discretion to award damages between $0 and $1,000 under Federal Rule of Civil Procedure 55(b)(2). *See e.g., Martin v. Nat'l Check Recovery Services*, 2016 WL 3670849 at *2 (M.D. Pa. 2016). Moreover, a plaintiff "cannot satisfy the certainty requirement simply by requesting a specific amount." 10A Charles Alan Wright et al., *Federal Practice and Procedure* § 2683 (4th ed.).

³ "[W]hen entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *D'Onofrio v. Il Mattino*, 430 F. Supp. 2d 431, 437 (E.D. Pa. 2006) (citations and internal quotation marks omitted). Butler has adequately pled both jurisdiction and venue. *See* (Pl. Compl. ¶¶ 2, 7, ECF No. 1).

court need not accept the moving party's legal conclusions or allegations relating to the amount of damages. *Id.*

To prevail on a claim under the FDCPA, a plaintiff must establish that a "debt collector['s]" effort to collect a "debt" from a "consumer" violated some provision of the Act. *Piper v. Portnoff Law Assocs., Ltd.*, 396 F.3d 227, 234 (3d Cir. 2005). Butler contends that Eastern violated 15 U.S.C. §§ 1692e(2)(A) and 1692e(8) which respectively prohibit "the false representation of . . . the character, amount, or legal status of any debt" and "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. §§ 1692e(2)(A), 1692e(8).

Butler's complaint alleges that Eastern is a "debt collector" as defined by 15 U.S.C. 1692a(6) and that Eastern reported inaccurate information about Butler to credit reporting agencies. (Pl.'s Compl., ECF No. 1 ¶¶ 13). Butler alleges that Eastern issued false reports about a particular account despite the account belonging to a "different consumer with a different social security number, date of birth and address." (*Id.*) As a result of the mistaken reporting, Butler has suffered "actual damages, including, but not limited to injury to [Butler's] reputation, invasion of privacy, damages to [Butler's] credit, out-of-pocket expenses, emotional and mental pain and anguish, embarrassment, [and] humiliation . . . ." (*Id.* ¶ 18.) These allegations, taken as true, state a cause of action under the FDCPA. *See* 15 U.S.C. §§ 1692e(2)(A); 1692e(8). Entry of default judgment against Eastern is appropriate.[4]

---

[4] Butler also alleges violations of 15 U.S.C. §§ 1692(e)(10) and 1692(f). Default judgment is proper even if only one of the provisions is violated.

3

B.

After granting the motion for default judgment, the Court must address the amount of damages to award. Butler requests $1,000 in statutory damages pursuant to § 1692(k)(a)(2)(A). A hearing is not necessary to resolve Butler's damages request. In determining liability under the statute, the Court shall consider the following factors outlined in § 1692k(b)(1): "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." The Court is unable to determine from the complaint Eastern's frequency or persistence of noncompliance, nor is the Court able to determine whether Eastern's alleged conduct was intentional. However, the nature of noncompliance that Plaintiff alleges in her complaint is severe—Eastern wrongly attributed an account to Plaintiff despite the account belonging to a different consumer with different identifying information. In light of the factors articulated in § 1692k(b)(1), and Eastern's failure to appear, the Court in its discretion awards $1,000 in statutory damages.

For the above reasons, Butler's motion for default judgment is granted. Judgment will be entered against Eastern in the amount of $1,000. An appropriate Order follows.

BY THE COURT:

/s/ GERALD J. PAPPERT
GERALD J. PAPPERT, J.